Mohammad IDREES, Plaintiff–Appellant

v.

BETH ISRAEL HOSPITAL, Defendant–Appellee.

Docket No. 05–0271–CV.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2005.

Mohammad Idrees, for Appellant, pro se.

Rory J. McEvoy, Edwards & Angell LLP, New York NY, for Appellee.

PRESENT: JACOBS, KATZMANN, and HALL, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

In January 2003, Mohammad Idrees filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e–17 ("Title VII") against his former employer, Beth Israel Hospital, alleging employment discrimination on the ground of religion. Mr. Idrees presently appeals from the order of the district court of the Southern District of New York (Cote, J.) dismissing Mr. Idrees's claims.

On August 14, 1980, Mr. Idrees filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). In his EEOC complaint, Mr. Idrees alleged that in 1980, Beth Israel Hospital failed to grant him an educational leave of absence so that he could attend medical school, and failed to reinstate him to his position when he returned from medical school, because he is Muslim.

Mr. Idrees's complaint was referred to the New York City Commission on Human Rights, which issued a determination and order dismissing the complaint on August 30, 1982. Mr. Idrees appealed the decision, and on June 15, 1982, the case was remanded for further investigation. It took until March of 2002 for the New York City Commission on Human Rights to issue a determination and order. That order again dismissed Mr. Idrees's complaint. The EEOC adopted the New York City Commission's findings and issued a right to sue letter on October 28, 2002. Mr. Idrees filed this action on January 22, 2003 and amended his complaint on October 22, 2003.

After a bench trial, the district court for the Southern District of New York (Cote, J.) held that Mr. Idrees failed to show that Beth Israel Hospital discriminated against Mr. Idrees on the basis of his religion in either refusing his request for leave of absence or in his effort to regain employment. The district court recognized the challenges presented because of the extreme delay of the City of New York Human Rights Commission, but was able to assess the evidence and testimony of key witnesses, including Mr. Idrees.

A district court's findings of facts are reviewed for clear error, and legal conclusions are reviewed *de novo*. *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996). For findings regarding the credibility of witnesses, Fed. R. Civ. Pro. 52(a) "demands even greater deference to the trial court's findings." *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *see also United States v. Beverly*, 5 F.3d 633, 642 (2d Cir.1993) ("A district court's factual findings based on the testimony of witnesses is entitled to special deference."). Upon review of the trial transcript, we conclude that the district court's findings of fact are not clearly erroneous, and its legal conclusions are supported by the evidence. We thereby affirm the district court's judgment with respect to the failure to provide medical leave and failure to rehire claims. With respect to the other claims raised by Mr. Idrees, we hold that these claims are not properly before us, as they were not presented in the district court.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.